BARNETTE, Judge
(concurring).
I dissented from the granting of certi-orari in this case for the reason that the relators had an adequate remedy by appeal. I did so with some reluctance because I thought then and still do that the trial judge’s refusal of continuance and the denial of defendants’ timely filed motion to reopen the case, in order to have assistance of counsel in the presentation of their defense, appeared to be unreasonable. Had the case reached us on appeal we would have been in no better position then than now to do substantial justice, and it is quite probable we would then have set aside the judgment and remanded the case for further proceedings. That would have caused considerable delay and the ends of justice will best be served by a remand at this time.
The action taken by the majority has the effect of granting a defendant cast for a money judgment a suspension of execution without the requirement of giving a sus-pensive appeal bond. I seriously question the wisdom of such action. It could be construed as a sanction of a device to avoid the requirements of law for suspensive ap *45 peal. It is certainly not my intention in concurring herein that this opinion will ever be cited as precedent for such procedure.
Since the case has reached us on certi-orari over my dissent, I must agree that no great harm or irreparable injury will be imposed upon the respondent by our decree. If the defendants are to be given their day in court it would be to the best interest of all parties that it be done now rather than after the delay and expense of the regular appellate process.
I therefore concur in the majority opinion.